SCHALL, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Robert T. Aitchison’s appeal for lack of jurisdiction. Aitchison has not filed a response.
On May 8, 2000, the Board of Veterans’ Appeals denied as not well grounded Aitchison’s claim of entitlement to service connection for heart disease and denied an increased evaluation in excess of 20% for residuals of a gunshot wound of the left knee. Aitchison appealed to the Court of Appeals for Veterans Claims. While the case was on appeal, Congress enacted the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475,114 Stat.2096 (November 9, 2000). The Secretary moved for remand. The Court of Appeals for Veterans Claims granted the Secretary’s motion, vacated the Board decision, and remanded for readjudication of Aitchison’s claims consistent with the VCAA.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
In his informal brief, Aitchison does not address the Court of Appeals for Veterans *860 Claims’ decision to remand the case pursuant to the VCAA. Rather, he asks this Court to “[d]etermine from the credible evidence and the record that the condition for which claim is made is service related ... and direct that [Aitchison] is entitled to benefits.” Aitchison does not raise a constitutional issue or challenge the interpretation of a statute or regulation. Instead, he challenges factual determinations not considered by the Court of Appeals for Veterans Claims. Our limited jurisdiction does not permit review. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992); 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.